Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Sandoval and Debbie Miller, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Brown \| Olcott PLLC, and Philip Brown, <br><br> Defendants. | No. <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **(Jury Trial Demanded)** |

Plaintiffs Heather Sandoval and Debbie Miller, individually and on behalf of a class of similarly situated individuals, allege the following:

## INTRODUCTION

1. Defendants are an Arizona employer who have maintained a company-wide policy of wrongly classifying legal assistants, paralegals, and collectors as exempt from the overtime wage provisions of the Fair Labor Standards Act ("FLSA") and refusing to pay overtime wages in accordance with the FLSA. These employees routinely work in excess of forty-hours per week without receiving overtime pay in violation of the FLSA.

2. The responsibility for these willful violations emanates from the highest corporate levels. Upon information and belief, Defendants encourage the wrongful classification of non-exempt employees and promulgates policies that allow such violations to flourish without any effective internal recourse in order to circumvent the overtime wage provisions of the FLSA.

**PARTIES AND JURISDICTION**

3. Defendant Brown | Olcott PLLC ("Brown Olcott") is an Arizona professional limited liability company with its principal place of business in Arizona.

4. Defendant Phil Brown ("Brown") is a manager and member of Brown Olcott who, upon information and belief, acts directly or indirectly in the interest of Brown Olcott in relation to its employees.

5. Plaintiff Heather Sandoval ("Sandoval") worked at Brown Olcott from at least June 1, 2015 through May 14, 2018. Sandoval held several titles at Brown Olcott, including "legal assistant," "collector," and "paralegal."

6. Plaintiff Debbie Miller ("Miller") has worked at Brown Olcott since at least June 1, 2015 and continues to work there. Miller held several titles at Brown Olcott, including "legal assistant," "collector," and "paralegal."

7. The additional persons who may become plaintiffs in this action are similarly situated current or former employees of Brown Olcott who are or were subject to the payroll practices and procedures described herein and who were not paid time and one-half of their regular rate of pay for all overtime hours during the liability period.

8. Defendants caused events to occur and committed actions in the State of Arizona that are the subject of this Complaint.

9. Defendants are employers as defined in the FLSA and subject to the provisions of the FLSA.

10. This case is brought to recover from Defendants unpaid overtime compensation, liquidated damages, costs and attorneys' fees under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.* Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Supplemental jurisdiction over the state law claims exists under 28 U.S.C. § 1367.

12. Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claim occurred within this judicial district and Defendants are located within this judicial district.

**GENERAL ALLEGATIONS REGARDING FAILURE TO PAY OVERTIME**

13. Defendants' current and former employees holding non-exempt positions have been injured by the company's practice of misclassifying them as exempt from the provisions of the FLSA and failing to compensate them for overtime hours. Plaintiffs and those similarly situated to Plaintiffs at all times relevant to this Complaint worked significantly in excess of forty-hours per week and were not paid for their overtime hours.

14. The standard work-week at Brown Olcott for most persons in Plaintiffs' positions is more than fifty-hours per week. Plaintiffs and those similarly situated frequently work – indeed, frequently are required to work – more than fifty-hours per week and often in excess of 55 hours per week.

15. The caseload of each Plaintiff and those similarly situated was such that they were incapable of completing their job duties within a forty-hour work week.

16. Defendants' compensation structure for Plaintiffs and those similarly situated involves a base salary plus nondiscretionary bonuses based on the attorneys' fees collected in accounts each month that are paid in the following month.

17. Defendants know or should know that its policies and practices violate the FLSA. In fact, Defendants have made statements to Plaintiffs over the years that they are paid illegally.

18. During the liability period, Defendants have not employed Plaintiffs or those similarly situated in a position that is exempt under the FLSA.

19. Pursuant to 29 U.S.C. §216(b), Plaintiffs seek to prosecute their FLSA claims, stated in Count I below, as a collective action on behalf of all present and former employees at Defendants located in Arizona who worked more than forty-hours in any week without receiving overtime pay at any time on or after June 1, 2015 to the present, including but not

limited to those current and former employees who hold or held the positions of legal assistant, collector, paralegal, and all other positions in which the employee was entitled to overtime pay and not exempted from overtime pay under the FLSA. In the event the Court determines at the notice stage or any time thereafter that all plaintiffs and members of the collective action as defined above are not similarly situated, the definition may be modified or narrowed, and/or appropriate subclasses may be established.

**COUNT I**
**VIOLATION OF FLSA – INDIVIDUAL AND COLLECTIVE ACTION "OPT-IN" CLAIMS FOR RELIEF**

20. Plaintiffs re-allege the above allegations as if set forth herein.

21. Plaintiffs and those similarly situated have worked more than 40 hours per week consistently since June 1, 2015.

22. Plaintiffs and those similarly situated were entitled to be paid one and one-half times their regular rate of pay for overtime work performed in excess of 40 hours per week, pursuant to the FLSA.

23. Defendants did not pay Plaintiffs and those similarly situated for work performed by them in excess of 40 hours per week.

24. Plaintiffs and those similarly situated did not fall within any of the exemptions from payment of overtime wages under the FLSA.

25. Defendants' actions, as alleged above, constitute a violation of the FLSA.

26. Defendants' actions, as alleged above, were willful or intentional, done in bad faith, or was reckless in disregard as to whether its conduct violated the FLSA.

27. As a result of the above, Plaintiffs and those similarly situated have suffered damages, including loss of income, which amount should be determined at trial.

28. As a result of the above, Plaintiffs and those similarly situated are entitled to judgment against Defendants in a reasonable amount as may be proved at trial, together with

liquidated damages under the FLSA, interest, and reasonable attorney's fees and costs incurred herein pursuant to the FLSA.

**COUNT II**
**INDIVIDUAL CLAIMS FOR FAILURE TO PAY WAGES**

29. Plaintiffs re-allege the above allegations as if set forth herein.

30. Defendants have failed to pay Plaintiffs wages.

31. Said failure to pay wages is willful and not the product of a good faith dispute.

32. As a result of the above, Plaintiffs are entitled to judgment against Defendants for treble damages pursuant to A.R.S. § 23-355, as calculated based on the amount of unpaid wages owed to Plaintiffs that were not paid in a timely manner.

**COUNT III**
**FLSA RETALIATION**

33. Plaintiffs re-allege the above allegations as if set forth herein.

34. Plaintiff Sandoval, through counsel, informed Defendants of her intention to pursue a claim under the FLSA in or about June 2018 and included a draft of this Complaint to a letter conveyed to Defendants.

35. In direct response and retaliation to Plaintiff Sandoval's letter, Defendants threatened to file and "vigorously prosecute" claims against her so that she would face "substantial liability" to both Defendants Brown and Brown Olcott.

36. On August 16, 2018, Plaintiff Sandoval, through counsel, restated her intention to pursue a claim under the FLSA and gave Defendant a deadline of August 21, 2018 to attempt to resolve the claim in good faith.

37. On August 20, 2018, Defendants filed a lawsuit in United States District Court for the District of Arizona against Plaintiff Sandoval alleging violations of the Defend Trade Secrets Act and the Stored Communications Act and state law claims for breach of contract, breach of the duty of loyalty/fiduciary duty, and defamation/false light/injurious falsehood.

Defendants have also threatened to pursue claims for preliminary injunctive relief even though no legal basis exists for such relief.

38. Defendants claims were filed in retaliation for threatening to file and preparing to file this lawsuit alleging violations of the FLSA overtime provisions and, in many respects, are facially deficient. For example, Defendants cannot establish that they have sustained any damages to support claims for breach of contract and breach of duty of loyalty/fiduciary duty and has filed a claim under the Defend Trade Secrets Act despite knowing that Plaintiff Sandoval did not take any "trade secrets" or "Confidential Information" and has not used, or threatened to use, such information. Defendants have filed these, and other, claims in retaliation for the impending filing of this action.

39. Defendants' act in filing a lawsuit against Plaintiff Sandoval was designed, at least in part, to deter current and former employees from participating in this putative collective action or otherwise complaining about Defendants' violations of the FLSA.

40. Defendants' actions violate 29 U.S.C. § 215(a)(3).

41. Plaintiff Sandoval is entitled to damages, including but not limited to compensatory, emotional distress, and punitive damages under 29 U.S.C. § 216(b) for Defendants' retaliation for exercising rights that Plaintiff Sandoval has under the FLSA.

42. Defendants' conduct in retaliating against Plaintiff Sandoval for communicating her intention to file a collective action complaint against Defendants for violation of the FLSA was sufficiently willful, outrageous, and egregious so as to warrant the imposition of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand and pray for judgment and relief as follows:

(A) That this case be maintained as a collective action and that collective action opt-in procedures be adopted;

(B) Awarding judgment in Plaintiffs' favor and against Defendants in an amount to be determined at trial for overtime compensation under the FLSA;

(C) Awarding to Plaintiffs their liquidated damages in the amount double their actual damages;

(D) Awarding Plaintiffs treble damages pursuant to A.R.S. § 23-355;

(E) Awarding Plaintiffs their costs of suit, reasonable attorneys' fees, and pre-judgment and post-judgment interest;

(F) Awarding Plaintiff Sandoval damages under 29 U.S.C. § 216(b), including but not limited to actual damages, emotional distress damages, compensatory damages, and punitive damages; and

(G) Awarding Plaintiffs such further relief as this Court deems just and proper.

DATED this 21st day of August 2018.

                                      DESSAULES LAW GROUP

                            By:  /s/ Jonathan A. Dessaules
                                Jonathan A. Dessaules
                                *Attorneys for Plaintiffs*